# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TONY TAYLOR, JR., | ) | CASE NO. 5:13cv1635 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF AKRON, SUMMIT COUNTY, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). *Pro se* plaintiff Tony Taylor, Jr. ("plaintiff" or "Taylor") filed this action against the City of Akron, Akron prosecutor Craig J. Morgan ("Morgan"), Akron police officers Rkuznik and Cunningham, Akron police Sergeant Englehart, the Ohio Department of Job and Family Services ("ODJFS"), and ODJFS employee Rebecca Dalton ("Dalton"). Plaintiff seeks declaratory and injunctive relief, as well as $6 million in monetary damages for claimed violations of his civil rights under 42 U.S.C. § 1983 and discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (Doc. No. 1.) Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons that follow, plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and this action in **DISMISSED**.

## I.  Background[1]

Taylor alleges he obtained a court issued protection order against Reanna White ("White"), the mother of his child, after she admitted to losing her temper and assaulting him. He

---

[1] All facts are taken from plaintiff's complaint, and viewed in a light most favorable to plaintiff.

contends that, on February 27, 2013, the police were called to "1133 Allendale" after White had kicked him in the mouth and had hit and scratched his face. Taylor alleges the responding officers photographed his injuries and that he told officer Rkuznik he wished to press charges against White.  According to Taylor, however, Rkuznik told him that if he insisted on pressing, charges he would take him to jail. Taylor further alleges White falsely accused him of assaulting her. Ultimately, both Taylor and White were arrested and charged with domestic violence. (Doc. No. 1 at 2.)[2] Taylor asserts that following his arrest, he "was harassed and mistreated in jail[,]" and "was refused a lawyer, misled, and tricked by the courts without an attorney to represent [him], as promised in the Sixth Amendment." (*Id.*)

After his release from jail, Taylor contends he filed "reports" about two encounters he had with White during which she "tried to create a violent incident[,]" but defendant Morgan, a city prosecutor, dismissed the charges against White and charged Taylor with falsification instead. (*Id.*)[3] Taylor claims Morgan's actions violated the state's domestic violence arrest policies, Ohio Rev. Code § 2935.032, and his due process rights under the Fourteenth Amendment.

On March 27, 2013, White approached Taylor at the main branch of the Akron public library and tried to persuade him not to testify in court against her on the domestic violence charge. Taylor then took his daughter from White and, when he began walking to the police department to file a "second statement of violating a protection order," Akron police

---

[2] *See City of Akron v. Taylor*, No. 13-02058 (Akron Mun. Ct. filed on Feb. 27, 2013); *City of Akron v. White*, No. 13-02057 (Akron Mun. Ct. filed on Feb. 27, 2013), *available at* http://courts.ci.akron.oh.us/cases/akroncourtcases.nsf.

[3] *See City of Akron v. Taylor*, No. 13-03536 (Akron Mun. Ct. filed on April 11, 2013), *available at* http://courts.ci.akron.oh.us/cases/akroncourtcases.nsf.  The state court docket indicates Taylor was charged with committing falsification on March 25, 2013. On June 5, 2013, Taylor was found guilty following a jury trial.

officer Cunningham and Sergeant Englehart stopped him before he could leave the library. (*Id.*) Taylor states he was then "mistreated and threaten[ed] by both officers[,]" in violation of § 2935.032.

Subsequently, Morgan informed Taylor that the library's video recording of the incident contradicted his report that White had violated the protective order. Further, Morgan informed Taylor that he was going to charge him with falsification again.[4] Taylor alleges Morgan subsequently destroyed the videotaped evidence from the library "in order to misled [*sic*] the court and pursue with criminal charges against [him], in not allowing jury or courts to see the truth." (*Id.*)  He further claims that the action of the officers, the court, and the prosecutor were discriminatory and violated his constitutional rights under the Fifth, Eighth, Thirteenth, and Fourteenth Amendments.

Finally, Taylor alleges he included ODJFS and Dalton in his complaint because "they also discriminated against [him]" by not following domestic violence procedures and by removing his child from his care and placing the child with White. (*Id.*)

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds in LaFountain v. Harry*, 716 F.3d 944, 951(6th Cir. 2013).

---

[4] *See City of Akron v. Taylor*, No. 13-03537 (Akron Mun. Ct. filed on April 11, 2013), *available at* http://courts.ci.akron.oh.us/cases/akroncourtcases.nsf. The state court docket indicates Taylor was charged with committing falsification on March 28, 2013. On June 5, 2013, Taylor was found not guilty following a jury trial.

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

#### A.  *Section 1983*

To set forth a cognizable claim under 42 U.S.C. § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that

4

claim must fail. *Simescu*, 942 F.2d at 375. The Court will consider each of plaintiff's federal claims within this legal context.[5]

### 1.  City Defendants

The complaint does not indicate whether plaintiff sues the individual city defendants in their official or individual capacities. A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the public entity he represents. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, to the extent plaintiff sues defendants Morgan, Rkuznik, Englehart, and Cunningham in their official capacities, the Court will construe plaintiff's claims against these defendants as claims against the City of Akron.

As a rule, local governments may not be sued under § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, the governmental entity can be held liable only when the plaintiff's injury is incurred as a direct result of the execution of the government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy. *Id.* A municipality can therefore be held liable when it unconstitutionally implements or executes a policy statement, ordinance, regulation, or decision officially adopted by its officers. *Id.* at 690; *see also DiPiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, to hold the City of Akron liable for the actions of its employees, Taylor must identify the offending policy, connect the policy to the City of Akron itself, and show that

---

[5] Plaintiff also asserts a violation of Title VII of the Civil Rights Act, which prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–16(a). Plaintiff, however, does not allege discrimination in employment and, therefore, Title VII does not apply.

the particular injury was incurred because of the execution of that policy. *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). The complaint in the instant case does not contain any factual allegations pertaining to the City of Akron or any of its policies. There is simply no suggestion on the face of the complaint of a City of Akron custom or policy that may have led to a violation of plaintiff's constitutional rights. Accordingly, the Court concludes plaintiff has failed to state any claims upon which relief may be granted against the City of Akron.

Furthermore, to the extent plaintiff sues defendants Rkuznik, Englehart, and Cunningham in their individual capacities, the Court finds these claims also to be without merit and subject to summary dismissal. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642 (6th Cir. 2012). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).

At a minimum, plaintiff in the instant case would have to show that defendants Rkuznik, Englehart, and Cunningham were personally involved, encouraged, or condoned unconstitutional behavior. *Rizzo*, 423 U.S. at 371. The complaint's vague and conclusory allegations of harassment and mistreatment do not satisfy this standard. *See Iqbal*, 556 U.S. at 678 (plaintiff must plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 555 (holding a complaint's factual allegations must "be

6

enough to raise a right to relief above the speculative level."). Plaintiff's Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendment claims are all stated solely as legal conclusions and do not satisfy the pleading standard of Fed. R. Civ. P. 8(a)(2). *Id.* Accordingly, plaintiff has failed to state any cognizable individual capacity claims against these defendants and they will be dismissed from this action.

Plaintiff's individual capacity claims against prosecutor Morgan are likewise subject to summary dismissal. As a city prosecutor, Morgan is immune from damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 512 U.S. 1237 (1994). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor were constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when "the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).

Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, *Imbler*, 424 U.S. at 431, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor[.]" *Higgason v. Stephens*, 288 F.3d

7

868, 877 (6th Cir. 2002). In *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009), the Sixth

Circuit held that immunity attaches "so long as the general nature of the action in question is part

of the normal duties of a prosecutor." Further, the court in *Cady* cited with approval a Seventh

Circuit case, *Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir. 1978), that extended absolute

immunity to a prosecutor who allegedly "destroyed and falsified" evidence. *Cady*, 574 F.3d at

340. Finally, "[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor

acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on

appeal or in a habeas corpus proceeding." *Carmichael v. City of Cleveland*, 881 F. Supp. 2d 833,

846 (N.D. Ohio 2012) (citation omitted) (city prosecutor entitled to absolute immunity from suit

and liability concerning his alleged failure to investigate).

Here, the challenged actions of prosecutor Morgan, including the filing of

falsification charges against plaintiff and his purported destruction of evidence, were all

intimately associated with the judicial phase of Taylor's prosecution. Consequently, Morgan is

entitled to absolute immunity and is dismissed from this action pursuant to § 1915(e).[6]

### 2. State Defendants

Next, plaintiff seeks to hold ODJFS and defendant Dalton liable for unlawful

discrimination. For the reasons discussed above, the Court will construe plaintiff's official

capacity claim against defendant Dalton as a claim against the State of Ohio. *Will*, 491 U.S. at

71; s*ee also Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997). Because the entity

---

[6] To the extent plaintiff seeks declaratory, injunctive, or other equitable relief against the Akron defendants, his complaint, even liberally construed, does not specify any particular prospective injunctive or declaratory relief and, therefore fails to state a facially plausible claim for relief. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

represented by ODJFS and Dalton is the State of Ohio, the Eleventh Amendment[7] bars plaintiff's suit for damages against them. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005), *cert. denied,* 546 U.S. 935 (2005).[8] Moreover, plaintiff's conclusory statement that these defendants discriminated against him, without more, is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Accordingly, for the foregoing reasons, defendants ODJFS and Dalton are dismissed him from this action pursuant to § 1915(e).

**B.  State Law Claims**

Having determined that plaintiff has failed to properly assert any federal claims, the Court is left only to consider his state law claims under Ohio Rev. Code § 2935.032. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity . . . ." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Having

---

[7] The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[8] Although there are exceptions to a State's sovereign immunity, none are applicable here. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000). First, the State of Ohio has not consented to suit in federal court. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir.1999). Second, it is well established that § 1983 does not abrogate Eleventh Amendment Immunity. *Hamilton's Bogarts, Inc. v. State of Mich.*, 501 F.3d 644, 654 n. 8 (6th Cir. 2007) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65–71 (1989)). Finally, the complaint does not meet the requirements of the *Ex parte Young*, 209 U.S. 123 (1908) exception for prospective injunctive relief. While the complaint does state generally that plaintiff seeks "[a]ppropriate declaratory and other injunctive and/or equitable relief[,]" as noted, *supra*, it does not specify any particular prospective injunctive or declaratory relief, nor is the nature of any such relief otherwise apparent on the face of the complaint. Rather, with respect to plaintiff's civil rights claims, he seeks only compensatory damages and, therefore, the *Ex parte Young* exception does not apply.

9

determined at an early stage of litigation that all of plaintiff's federal claims in this action are subject to summary dismissal, the Court finds that this factor, coupled with issues of comity, counsels this Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, this case is dismissed.

## III. Conclusion

For all the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[9]

**IT IS SO ORDERED**.

Dated: October 3, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[9] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."